## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: MAVERICK CLARKE, | ) | CASE NO.  16 B 21525 |
| Debtor. | ) | |
| | ) | CHAPTER 13 |
| | ) | |
| M.O. MARSHALL, CHAPTER 13 TRUSTEE | ) | JUDGE: JACK B. SCHMETTERER |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT FOR TURNOVER |
| | ) | |
| DNF ASSOCIATES, LLC | ) | ADVERSARY NO. 21 AP _____ |
| c/o JEFFERSON CAPTAL SYSTEMS LLC | ) | |
| Defendant. | ) | |

**COMPLAINT OF M.O. MARSHALL CHAPTER 13 TRUSTEE FOR TURNOVER OF FUNDS**

Now comes M.O. Marshall Chapter 13 Trustee for the Northern District of Illinois, Eastern Division, by and through one of his attorneys, Ben Kahn, pursuant to 11 U.S.C. §542 and Bankruptcy Rule 7001 and respectfully represents the following:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and §157(b)(2)(E).

3. On July 1, 2016 Debtor caused the above referenced Chapter 13 Bankruptcy Case to be filed.

4. Debtor's plan, which was confirmed on August 17, 2016, provides in Section E(8) for general unsecured creditors to receive a minimum of 10% of their allowed claims (Exhibit A).

5. On August 19, 2016 Sterling Jewelers Inc. D/B/A Jared the Galleria of Jewelry (creditor) filed a secured claim (Exhibit B) in the amount of $2,751.64.

6. Pursuant to Section E(8) of the confirmed plan trustee paid creditor as unsecured because the plan did not provide for the claim to be paid as secured.

7. Pursuant to the plan trustee paid 10% to all allowed unsecured claimants including Sterling Jewelers.

8. Due to inadvertence, on October 31, 2017 trustee made an additional payment of $157.13 to Sterling Jewelers.

9. On January 15, 2019 said claim was transferred to DNF Associates, LLC c/o Jefferson Capital Systems LLC (Exhibit C).

10. Trustee did not discover the inadvertent payment until the closing department started conducting an audit.

11. Commencing on November 2, 2020 trustee contacted DNF by regular mail in an attempt to recover the overpaid funds.

12. Trustee then followed up by email and telephone on December 22, 2020, January 20, January 21, February 19, February 22, February 25, and March 22, 2021, but to date have not received a response.

13. On April 6, 2021 trustee sent notice to DNF of a motion to be presented before the court on April 21, 2021 requesting that the court Order turnover of the funds.

14. On April 21, 2021 the Court denied trustee's motion for the reason that an adversary proceeding with service of summons had not been filed.

15. Trustee is now filing this said adversary with service of summons on DNF.

16. Because DNF inadvertently received more funds than other unsecured creditors the additional funds that they received in the amount of $157.13 should be turned over to trustee

WHEREFORE, Trustee/plaintiff requests pursuant to §542(a) that this Honorable Court to order Defendant to refund the sum of $157.13 to Trustee and for such other and further relief that this Court believes is proper.

DATED this 27th day of April 2021.

Respectfully submitted,
/s/ Ben Kahn
STAFF ATTORNEY

M. O. MARSHALL
CHAPTER 13 TRUSTEE
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
(312) 294-5900